UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JULIA ANN LANDON-PALMER,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br><br>    Defendants. | Case No. 2:22-cv-00744-NJK<br><br>**ORDER** |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title II of the Social Security Act. Currently before the Court is Plaintiff's motion to reverse or remand. Docket No. 17. The Commissioner filed a response and cross-motion to affirm. Docket Nos. 18, 19. Plaintiff filed a reply to the Commissioner's response. Docket No. 20.

**I.    STANDARDS**

    A.    <u>Disability Evaluation Process</u>

The standard for determining disability is whether a social security claimant has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(3)(A). That determination is made by following a five-step sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). The first step addresses whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] The second step addresses whether the claimant has a medically determinable impairment that is severe or a combination of impairments that significantly limits basic work activities. 20 C.F.R. §§

---

[1] The five-step process is largely the same for both Title II and Title XVI claims. For a Title II claim, however, a claimant must also meet insurance requirements. 20 C.F.R. § 404.130.

404.1520(c), 416.920(c).  The third step addresses whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926.  There is then a determination of the claimant's residual functional capacity ("RFC"), which assesses the claimant's ability to do physical and mental work-related activities.  20 C.F.R. §§ 404.1520(e), 416.920(e).  The fourth step addresses whether the claimant has the residual functional capacity to perform past relevant work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  The fifth step addresses whether the claimant is able to do other work considering the residual functional capacity, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g).

B. Judicial Review

After exhausting the administrative process, a claimant may seek judicial review of a decision denying social security benefits.  42 U.S.C. § 405(g).  The Court must uphold a decision denying benefits if the proper legal standard was applied and there is substantial evidence in the record as a whole to support the decision.  *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).  Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, ___ U.S. ___, 139 S.Ct. 1148, 1154 (2019).  "[T]he threshold for such evidentiary sufficiency is not high."  *Id.*

II. BACKGROUND

A. Procedural History

On August 6, 2019, Plaintiff protectively filed an application for Social Security Disability Insurance benefits pursuant to Title II of the Social Security Act.  Administrative Record ("A.R.") 201-07.  Plaintiff alleged a disability starting September 27, 2015.  A.R. 201.  Plaintiff's initial application was denied on December 17, 2019.  A.R. 114-18.  She then filed a request for reconsideration, A.R. 119, which was denied, A.R. 120-25.  On June 29, 2020, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") regarding her benefits determination.  A.R. 126-27.  ALJ John Cusker held a hearing on February 5, 2021.  A.R. 52-73.  On April 21, 2021,

he issued a decision denying Plaintiff benefits. A.R. 37-46. On June 11, 2021, Plaintiff filed a request for review by the Appeals Council. A.R. 198-200. On April 13, 2022, the Appeals Council declined to change the ALJ's decision, A.R. 1-6, making it the final decision of the Commissioner. *See* 42 U.S.C. § 405(g). The instant case was filed on May 10, 2022. Docket No. 1.

### B. The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. A.R. 37-46. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity from September 27, 2015, through December 31, 2020, her date last insured. A.R. 39. At step two, the ALJ found that Plaintiff has the following severe impairments: psoriatic arthritis, psoriasis, and fibromyalgia. A.R. 39-41. At step three, the ALJ found that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 41-42. The ALJ found that Plaintiff has the residual functional capacity to perform sedentary work as defined by 20 C.F.R. § 404.1567(b) except that she can: (1) lift and/or carry twenty pounds occasionally and ten pounds frequently; (2) sit, stand, or walk for about six hours each in an eight-hour work day, with normal breaks; (3) frequently climb ramps and/or stairs and occasionally climb ladders, ropes, and/or scaffolds; (4) frequently crouch and occasionally kneel and crawl; (5) frequently handle and finger with both upper extremities; and (6) must avoid concentrated exposure to extreme heat, extreme cold, and hazards. A.R. 42-45. At step four, the ALJ found that Plaintiff was able to perform her past relevant work as a medical assistant. A.R. 45. In doing so, he considered the Dictionary of Occupational Titles and the testimony of a vocational expert. *Id.* Based on these findings, the ALJ found Plaintiff not disabled from September 27, 2015, through December 31, 2020. *Id.*

### III. ANALYSIS

Plaintiff raises one issue on appeal. She submits that the ALJ erred by failing to state clear and convincing reasons for why he rejected her symptoms and limitations testimony.[2] Docket No.

---

[2] Plaintiff also argues for the first time in her reply brief that the ALJ's residual functional capacity determination is not supported by substantial evidence. Docket No. 20 at 3-5. "[A]rguments raised for the first time in a reply brief are waived." *Turtle Island Restoration*

3

17 at 5. The Commissioner submits that the ALJ properly evaluated Plaintiff's testimony because the objective medical findings and Plaintiff's treatment history did not support the severity of her subjective complaints and alleged limitations. Docket No. 19 at 7. Additionally, the Commissioner submits that Plaintiff's daily activities are inconsistent with the alleged severity of her symptoms. *Id.* at 11. Plaintiff responds, in short, that the evidence in the record and relied upon by the ALJ does not actually support his findings. Docket No. 20 at 3-7. The Commissioner has the more persuasive argument.

Credibility and similar determinations are quintessential functions of the judge observing witness testimony, so reviewing courts generally give deference to such assessments. *See, e.g.*, *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986). In the Social Security context, "[t]he ALJ is responsible for determining credibility." *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995). An ALJ's assessment of a claimant's testimony is generally afforded "great weight" by a reviewing court. *See, e.g.*, *Gontes v. Astrue*, 913 F. Supp. 2d 913, 917-18 (C.D. Cal. 2012) (citing *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Circ. 1989) and *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1985)). If an ALJ's determination to discount a claimant's testimony is supported by substantial evidence, a court should not second-guess that determination. *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012).[3]

The ALJ is required to engage in a two-step analysis to evaluate a claimant's testimony as to pain and other symptoms: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged; and (2) if so, whether the intensity and persistence of those symptoms limit an individual's ability to perform work-related activities. *See* Social Security Ruling 16-3p. In the absence of evidence of malingering, an ALJ may only reject a claimant's testimony about

---

*Network v. U.S. Dep't of Com.*, 672 F.3d 1160, 1166 n. 8 (9th Cir. 2012) (quoting *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) (per curiam)). Accordingly, the Court need not address that argument.

[3] The regulations previously asked the ALJ to assess "credibility." Social Security Ruling 96-7p. The current regulations require the ALJ to instead "evaluate" the claimant's statements. Social Security Ruling 16-3p. This change does not alter the deferential nature of the Court's review.

the severity of symptoms by giving specific, clear, and convincing reasons. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). Factors that an ALJ may consider include inconsistent daily activities, an inconsistent treatment history, and other factors concerning the claimant's functional limitations. *See* Social Security Ruling 16-3p.

In this case, the ALJ found that Plaintiff provided objective medical evidence of underlying impairments which could reasonably be expected to produce the pain and symptoms alleged. A.R. 43. He also found, however, that Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms were inconsistent with the other evidence in the record. *Id.* As summarized by the Commissioner, the ALJ made this finding because

> "(1) objective medical findings and Plaintiff's longitudinal treatment history did not support the severity of her subjective physical complaints and alleged limitations; (2) Plaintiff's activities were inconsistent with the alleged severity of her symptoms; and (3) State agency medical consultants did not find that Plaintiff was disabled or totally unable to work."

Docket No. 19 at 7. The Court will address each reason in turn.

The first reason for the ALJ's evaluation of Plaintiff's subjective symptom testimony is that it was inconsistent with the objective medical evidence in the record. A.R. 43-44. Though lack of support in the objective medical evidence cannot be the sole reason to discount a claimant's testimony, it is a factor which may be properly considered by an ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). Plaintiff submits that the ALJ improperly relied on records of conservative treatment and managed symptoms in his evaluation of the medical evidence and her testimony. Docket No. 17 at 7-9. "The conservative nature of treatment is a sufficient basis for discounting a claimant's testimony." *Huntt v. Kijakazi*, 2022 WL 393062, *3 (D. Nev. 2022) (citing *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007)). Additionally, "[i]mpairments that can be controlled effectively with medication are not disabling for the purpose of determining" disability. *Warre v. Comm'r of Soc. Sec. Admin.*, 493 F.3d 1001, 1006 (9th Cir. 2006) (internal citations omitted).

Here, the ALJ reviewed Plaintiff's impairments, history of treatment, and the effects of the treatments on her impairments/symptoms. A.R. 43-44. Plaintiff's argument that her history of

conservative treatment was improperly considered by the ALJ because none of her doctors suggested more aggressive treatment fails. Docket No. 17 at 7-8. Rather, the fact that none of Plaintiff's doctors recommended aggressive treatment supports the conclusion that conservative treatments were effective at managing her symptoms. Additionally, even though certain treatment modalities may have failed, A.R. 998, subsequent methods were successful at managing Plaintiff's symptoms, A.R. 1037. Consequently, the Court finds that substantial evidence supports the ALJ's findings regarding the inconsistencies between Plaintiff's testimony and the objective medical record.

The ALJ found that Plaintiff's activities were inconsistent with the severity of her complaints and alleged limitations. A.R. 44. An ALJ may consider a claimant's activities when evaluating the claimant's symptoms and limitations testimony. *See, e.g.*, *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009). Here, the ALJ noted that Plaintiff testified she could perform various activities such as cooking, cleaning, caring for her personal hygiene, driving a car, and going to the dog park. A.R. 44; *see also* A.R. 63-65, 238-41. Though not exceptionally challenging activities, the ALJ did not err in concluding that these activities undermined Plaintiff's testimony that her symptoms limited her ability to conduct daily activities. *Cf. Gutierrez v. Saul*, 2020 WL 972751, *5 (D. Nev. 2020) (finding ALJ did not err in discounting claimant testimony based on reports of doing light household chores, driving, shopping, attending church services, and caring for his personal needs); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (finding ALJ did not err in discounting claimant testimony based on reports of her attending to the needs of her two young children, cooking, housekeeping, laundry, shopping, and attending therapy and various other meetings every week).

Finally, the ALJ found that the state agency medical consultants did not find Plaintiff disabled. A.R. 44-45. An ALJ may consider the lack of a medical opinion in the record that a claimant is disabled when evaluating a claimant's testimony. *Matthews v. Shalala*, 10 F.3d 678, 679-80 (9th Cir. 1993); *Osenbrock v. Apfel*, 240 F.3d 1157, 1165-66 (9th Cir. 2001). Here, the ALJ considered the opinions of two state agency medical consultants who reviewed Plaintiff's records at the initial and reconsideration levels. A.R. 44. Dr. Samuel Pak, M.D., conducted the

initial review and Dr. Sharon Amon, M.D., conducted the review upon reconsideration. *Id.*; *see also* A.R. 74-90 (Dr. Pak's review), 93-111 (Dr. Amon's review). Both Dr. Pak and Dr. Amon found Plaintiff not disabled but imposed certain postural and environmental limitations. *Id.* The ALJ found both opinions to be consistent with the objective medical evidence in the record. A.R. 45. However, he found Dr. Amon's opinion more persuasive because it was based on review of more evidence in the record than Dr. Pak's opinion. A.R. 44. The ALJ also noted that Dr. Amon considered Plaintiff's fibromyalgia and statements regarding manipulation limitations when conducting her review. A.R. 45.

Plaintiff submits that state agency medical consultants "do not decide the case or provide an independent basis for rejecting limitation testimony." Docket No. 20 at 6. Here, however, multiple reasons exist in the record to support the ALJ's evaluation of Plaintiff's symptom testimony. Additionally, the "lack of any finding by any physician that [Plaintiff] was unable to work" is a clear and convincing reason supporting the ALJ's evaluation of Plaintiff's symptom testimony. *Smith v. Kijakazi*, 2022 WL 2662883, *3 (9th Cir. 2022). Accordingly, the Court finds that the ALJ did not err in relying on the state agency medical consultants' opinions in his evaluation of Plaintiff's symptom testimony.

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** the motion to remand, Docket No. 17, and **GRANTS** the countermotion to affirm, Docket No. 18. The Clerk's Office is instructed to **enter final judgment** accordingly and to **close** this case.

IT IS SO ORDERED.

Dated: November 18, 2022.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE